UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOAN GRANT,

                               Plaintiff,

           -against-

MARTIN O'MALLEY, *Commissioner of Social Security*,

                           Defendant.
------------------------------------------------------------------------x

**ORDER**

24-CV-1597
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff Joan Grant commenced this action on March 4, 2024, pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Commissioner of Social Security denying her claim for disability insurance benefits.  Dkt. No. 1.  Plaintiff is represented by counsel.  Currently before this Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*.  Mot. to Proceed *in forma pauperis* ("IFP Mot."), Dkt. No. 2.  For the reasons stated herein, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED IN PART** and **DENIED IN PART**.

**I.**    <u>Discussion</u>

    **A.**    **Leave to Proceed in Forma Pauperis**

      "The purpose of the statute permitting litigants to proceed [*in forma pauperis*] is to ensure that indigent persons have equal access to the judicial system."  *DiGianni v. Pearson Educ.*, No. 10-CV-206 (RJD) (LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).  Pursuant to 28 U.S.C. § 1915, the Court must waive the $400.00 filing fee to commence a civil action upon finding that the plaintiff is indigent.  *See* 28 U.S.C. §§ 1914-1915.  The determination of whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the district court.  *See DiGianni*,

2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).  In this case, Plaintiff filed an application, under penalty of perjury, attesting to her income, savings, and expenses.  *See generally*, IFP Mot. Plaintiff's IFP application reports having $33,450.00 in cash or in a checking/savings account and approximately $17,000 in assets.  *Id.* at 2.  Plaintiff also reports spending approximately $5,400 on monthly expenses (including rent, groceries, utilities, and credit card payments.  *Id.*  Finally, Plaintiff's IFP application notes approximately $49,000 in outstanding debts and financial obligations.  *Id.*

This case also presents an unusual circumstance, in that the plaintiff seeking *in forma pauperis* status is also represented by counsel.  On March 11, 2024, the Court ordered Plaintiff to submit a letter clarifying whether counsel will assume Plaintiff's representation in this action or whether the IFP application was filed in error.  *See* Text Order dated March 11, 2024.  While Plaintiff complied with the Court's Order (Dkt. No. 6), counsel has not explained whether Plaintiff will be required to contribute toward litigation costs during the pending of this action.

"[A]ttorneys practicing on a contingent fee basis in this district routinely file cases on behalf of indigent plaintiffs without seeking to proceed in forma pauperis and thereby having the filing fee waived."  *Vargas v. CH Hospitality Mgmt.*, LLC, No. 14-CV-2439 (ENV) (JO), 2014 WL 2930462, at *4 (E.D.N.Y. June 27, 2014) (explaining and reiterating an electronic docket order denying the request of a represented litigant to proceed *in forma pauperis* where he had "not satisfactorily demonstrated that the enforcement of the fee requirement in this case w[ould] impair his ability to prosecute his claims").  Several courts in this Circuit have concluded that "an *in forma pauperis* application ordinarily should not be granted in a contingency fee context."  *Fodelmesi v. Schepperly*, 944 F. Supp. 285, 286 (S.D.N.Y. 1996) (granting *in forma pauperis* status for purposes of an appeal based on "unique" circumstances involving an eight-year litigation and

2

"transfers for which plaintiffs and their counsel bear no responsibility and yet which resulted in increased out-of-pocket expenses that plaintiffs' counsel reasonably may not have foreseen when he undertook the representation, thus making his reluctance to proceed further to advance out-of-pocket expenses something of a special case"); *see Vargas*, 2014 WL 2930462, at *1 (quoting *Fodelmesi*).

Other courts in this district, however, have concluded that *in forma pauperis* status may be granted where the plaintiff is represented, so long as the "plaintiff demonstrated the necessary degree of financial exigency," *Schwartz v. Bethel*, No. 13-CV-2209 (FB) (JMA) (E.D.N.Y. Sept. 25, 2013) (Dkt. No. 13), because 28 U.S.C. § 1915 "'is intended to guarantee that no citizen shall be denied an opportunity to commence  . . . an action . . . . solely because [their] poverty makes it impossible for [them] to pay or secure the costs.'" *Schwartz*, Dkt. No. 13 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)); *Darang v.  The City of New York*, No. 15-CV-6058 (ENV) (VMS), 2015 WL 8207438 (E.D.N.Y. Dec. 7, 2015); *Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.*, No. 17-CV-4109 (KAM) (CLP), 2018 WL 1545687 (E.D.N.Y. Mar. 29, 2018).

Here, the particular circumstances of this case warrant granting the motion for *in forma pauperis* status in part to permit waiver of the filing fee as noted below.  Having reviewed Plaintiff's submission (Dkt. No. 2), the Court finds that her financial circumstances qualify her to commence this action without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a)(1); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.") (citing *Adkins*, 335 U.S. at 339).

To the extent the filing fee may be an obstacle in this case to continued representation by counsel and commencing the litigation, the Court will permit Plaintiff to proceed *in forma pauperis*, on the condition that should she receive any monetary settlement, judgment or award, the $400.00 fee must be paid to the Court within fifteen (15) days of the receipt of the monies from the first $400.00 received.  In addition, the repayment of the filing fee to the Court *must* be included as a condition to any settlement agreement.  This arrangement balances the Court's and the public's interest in obtaining filing fees, which "are an important source of some of the funds that enable the judiciary to fulfill its constitutionally prescribed duties to all litigants and to the public," *Vargas*, 2014 WL 2930462, at *4, with the Court's and the public's interest in guaranteeing access to justice irrespective of a litigant's financial means.  *See also Darang,* 2015 WL 8207438, at *2 (permitting Plaintiff to proceed *in forma pauperis*, "on the condition that should he receive any monetary settlement, judgment or award the $400.00 fee must be paid to the Court within fifteen days of the receipt of the monies from the first $400.00 received" and holding that "the repayment of the filing fee to the Court must be included as a condition to any settlement agreement");.); *Torres*, 2018 WL 1545687, *3-4 (same).

Accordingly, Plaintiff has demonstrated an inability to pay the required filing fee.  The Court therefore grants Plaintiff's motion to proceed *in forma pauperis* and without the prepayment of fees.

### B.    Service of Process

The Court must order the United States Marshals Service or someone specially appointed to serve process to effect service on behalf of a plaintiff who has been authorized to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(d) (providing that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) (explaining

that the court "may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" and providing that "[t]he court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"). In this case, however, the civil docket sheet reflects that Plaintiff has already accomplished service on the Defendant and that counsel has appeared on behalf of the Commissioner of Social Security. The Court therefore concludes that it is unnecessary to direct the United States Marshals Service to serve process in this case.

## II.  <u>Conclusion</u>

In summary, Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is **GRANTED IN PART** and **DENIED IN PART**. Should this action lead to a monetary settlement, judgment or award, Plaintiff must, within fifteen (15) days of the receipt of the settlement, judgment, or award, reimburse the $400.00 filing fee to the Clerk of Court from the first $400.00 received.

**SO ORDERED.**

Dated:     Brooklyn, New York
           March 19, 2024

                        */s/ Joseph A. Marutollo*
                        JOSEPH A. MARUTOLLO
                        United States Magistrate Judge